**XIA YING SHANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–3430–ag.

United States Court of Appeals, Second Circuit.

April 5, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Anna Mills Wagoner, United States Attorney; Robert M. Hamilton, Assistant United States Attorney, Greensboro, NC, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Xia Ying Shang, a native and citizen of the People's Republic of China, seeks review of a June 30, 2006 order of the BIA denying her motion to reconsider its prior denial of her motion to reopen. *In re Xia Ying Shang*, No. A73 132 691 (B.I.A. June 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reconsider, this Court reviews the BIA's decision for an abuse of discretion. *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006)(per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Shang's motion to reconsider. In denying the motion, the BIA properly relied on Shang's failure to identify any legal or factual error in its prior decision. 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao*, 265 F.3d at 90. The BIA noted that it had denied Shang's motion to reopen because it was untimely and she did not establish that it fell within an exception to the filing deadline by adequately demonstrating meaningfully changed circumstances in China. 8 U.S.C. § 1229a (c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA properly considered the fact that Shang's prior motion was not supported by specific evidence that Chinese nationals returning to Zhejiang province with children born abroad were subjected to forced sterilizations. *Matter of C–C–*, 23 I. & N. Dec. 899, 902–03 (BIA 2006). *But see Shou Yung Guo v. Gonzales*, 463 F.3d 109, 114–15 (2d Cir.2006) (remanding case for the

**38**

BIA to consider documents purporting to show that foreign-born children would be counted in Fujian province in determining violations of China's one-child policy).[1]

Further, the BIA acknowledged that Shang had provided generalized evidence of country conditions and a statement from her father that two people from her town had been forcibly subjected to the family planning policy. The BIA properly found that Shang did not identify evidence it previously overlooked concerning mistreatment of Chinese nationals returning home with foreign born children following the implementation of the 2002 family planning law. Therefore, the BIA properly denied Shang's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

1. We decline to remand in light of the *Shou Yung Guo* documents. In *Shou Yung Guo*, we remanded to the BIA because it had failed to sufficiently examine several administrative decisions from the Fujian Province family planning authorities which indicated that a parent of children born abroad would be subject to forced sterilization. 463 F.3d at 115; *see also Jin Xiu Chen v. U.S. Dep't of Justice*, 468 F.3d 109, 111 (2d Cir.2006) (taking "cognizance" of the *Shou Yung Guo* documents in the record); *Tian Ming Lin v. U.S. Dep't of Justice*, 473 F.3d 48 (2d Cir.2007) (remanding based on the existence of the *Shou Yung Guo* documents). However, the *Shou Yung Guo* documents are not relevant to Shang's case because they pertained to family planning practices in Fujian Province, whereas Shang is from Zhejiang Province.